# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN CHARLES MASS, SR.,

        Plaintiff,

v.                                                                                                                                                       Case No. 10-CV-31

DAVID BETH,

        Defendant.

## ORDER

The plaintiff, Justin Charles Mass, Sr., who is now incarcerated at Waupun Correctional Institution, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that he was denied access to a law library while he was confined at the Kenosha County Jail. By decision and order dated April 14, 2008, the court permitted plaintiff to proceed *in forma pauperis*, and required plaintiff to pay the remaining $349.44 balance of the filing fee.

By the same order, the court screened the complaint and determined that it was deficient because the plaintiff failed to adequately connect the named defendant to any illegal acts, and because he did not fully identify the lawsuits that were affected and the actual injury that he suffered. The court also cautioned that because access to legal materials is required only for unrepresented litigants, an access to the courts claim would be barred in any case in which the plaintiff was

represented by counsel. Therefore, the plaintiff was directed to file an amended complaint.

Currently before the court is the plaintiff's amended complaint, which fails to cure the deficiencies noted in the court's prior order. The plaintiff still fails to describe any acts by the defendant that violated his constitutional rights, and therefore fails to state a cognizable claim. *See Brooks v. Ross*, 578 F.3d 574, 580-581 (7th Cir. 2009) (§ 1983 complaint must "adequately connect specific defendants to illegal acts" and "provid[e] some specific facts to ground those legal claims").

In addition, the plaintiff acknowledges that he was represented by counsel in his revocation hearing. While the plaintiff may have been unable to conduct legal research to supplement his attorney's work, this does not violate the constitutional rights of prisoners who are represented by attorneys, or prisoners who declined appointed counsel, as "access to legal materials is required only for unrepresented litigants." *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007); *see also United States v. Byrd*, 208 F.3d 592, 593-94 (7th Cir. 2000) (holding that "when a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access a law library . . . he has the right to legal help through appointed counsel, and when he declines that help, other legal rights, like access to a law library, do not spring up.").

The plaintiff also asserts that he was delayed in filing a *pro se* civil lawsuit. However, "a delay becomes an injury only if it results in 'actual substantial prejudice

to specific litigation.'" *Johnson v. Barczak*, 338 F.3d 771, 773 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995)). The plaintiff argues that the delay injured him because he seeks damages in that suit, and "the interest that would have collected in the bank is also lost." (Amended Complaint at 5). However, this potential loss is merely speculative, not actual and substantial.

**IT IS, THEREFORE, ORDERED** that this case be and the same is hereby **DISMISSED** for failure to state a claim.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge